**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JIMMY DEWAYNE RODRIGUEZ** | ) | |
| | ) | |
| v. | ) | 3-06-CV-1194-H |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Sanchez Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at El Paso, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: After rejecting the prosecution's plea offer Rodriguez pled not guilty and was tried by a jury for the offense of possession of a controlled substance as charged in the indictment returned in Cause No. F-04-50374-WQ. The jury returned a verdict of guilty and having thereafter found "true" as to the prior offense alleged for enhancement of punishment the jury

assessed a fifteen year term of imprisonment. Petitioner effected a direct appeal and on October 18, 2005, the Fifth Court of Appeals affirmed his conviction in an unpublished opinion. No petition for discretionary review was sought but on March 14, 2006, Rodriguez filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure. The Texas Court of Criminal Appeals denied the petition on June 7, 2006, without written order.

Rodriguez previously filed a § 2254 petition in this court which was dismissed without prejudice on March 29, 2006, for failure to exhaust state remedies. The present petition is deemed to have been filed on June 24, 2006, the date on which he signed his petition. See Spotville v. Caine, 149 F.3d 374, 378 (5th Cir. 1998).

**Findings and Conclusions**: In his first ground for relief Rodriguez claims that he was the victim of an illegal search of the premises where the illegal drug substances were found.[1] In Stone v. Powell, 428 U.S. 465, 494-495, 96 S.Ct. 3037, 3052 (1976), the Court held that merits review of a Fourth Amendment search and seizure issue raised in a § 2254 petition was prohibited when the state court system provided a full and fair opportunity to litigate the issue. It is well established that Texas courts permit a defendant the opportunity to seek suppression of evidence seized in violation of the Fourth Amendment. In Petitioner's case both he, pro se, and his attorney filed motions to suppress. See Clerk's Record, Vol. One of One at 25-26 and 32-34. However, he proceeded to trial without ever seeking a ruling by the trial court on the motions. Since it is clear that he had an opportunity to seek relief in the state court, consideration of the merits of this ground is prohibited.

In his second ground Petitioner claims that evidence was obtained as fruits of an illegal

---

[1] In his answer filed on October 10, 2006, Respondent contends that this ground and others are unexhausted. However, a federal habeas court may deny relief on unexhausted grounds. See 28 U.S.C. § 2254 (b)(2).

2

arrest. He does not identify any evidence presented to the jury other than that which was seized as a result of the search of the apartment's bedroom where the illegal drugs were found. In his reply to Respondent's answer filed on October 27, 2006, it appears that he seeks to argue that the evidence failed to show that he possessed the drugs in question which relates more to the sufficiency of the evidence to sustain the jury's verdict of guilty. In his art. 11.07 application he claimed that the search was illegal because he did not give his consent to the search of the bedroom. See No. WR-65, 643-01 at 07, Ground Number Two. Essentially and liberally construed, his second ground is merely a variation on his first ground for relief to which the Supreme Court holding in Stone v. Powell, supra applies.

The basis for his third ground for relief is unclear, to wit: it is not clear whether he is asserting a Brady claim or a Sixth Amendment denial of the right of confrontation. However, it is clear that his claim is unexhausted since it was not presented in his art. 11.07 application. Art. 11.07, § 4 of the Texas Code of Criminal Procedure bars a habeas applicant from seeking relief in a second or successive art. 11.07 application when the basis for relief was known and could have been raised in a prior application. In this circuit it is well established that if an unexhausted ground would be procedurally barred under state law, a federal court must dismiss the claim with prejudice. Fuller v. Johnson, 158 F.3d 903, 905-06 (5th Cir. 1998).

The factual basis on which Rodriguez predicates this ground is testimony given by Jennifer Castleberg at his preliminary hearing during which the police officer either failed or refused to identify the persons who had informed the police that a person known as "Ice Cream" was selling illegal drugs. See Preliminary Hearing Statement of Facts, attached to Petitioner's reply filed on October 27, 2006, at pages 14-15. It is, therefore, clear that he knew that the identity of the

3

informing individual was not provided, not only prior to the date on which he filed his art. 11.07 application but prior to his criminal trial as well. Under such circumstances any attempt to exhaust this claim would be barred under art. 11.07 § 4 as an abuse of the writ. Therefore consideration of this ground is procedurally barred. See also Nobles v. Johnson, 12 7 F.3d 409, 423 (5th Cir. 1997), cert. denied 523 U.S. 1139, 118 S.Ct. 1845 (1998).

In his fourth ground for relief Petitioner again alleges a variation on his Fourth Amendment search and seizure claim, claiming that since no drugs were found on his person pursuant to a Terry[2] pat-down, there was no probable cause for the search of the apartment's bedroom. For the reasons stated above, the court may not consider the merits of this claim. Stone v. Powell, supra.

On October 27, 2006, Rodriguez filed a motion for leave to amend his petition. The motion did not include a proposed amended petition. However, on the same date he filed his reply which appears to amplify the factual bases for the grounds asserted in his petition. Although he appears to attack the credibility of the contents of Officer Castleberg's affidavit in support of a request for an arrest warrant sought after he was taken into police custody, in the main the contents of his reply

---

[2]Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868 (1968).

focus on the alleged illegal search.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 26th day of January, 2007.

```
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE
```

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.